IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BILLY JOE WINROW,     )
               )
    Petitioner,    )
               )
               )  CIV-13-537-R
v.            )
               )
JUSTIN JONES, Director,   )
               )
    Respondent.   )

REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the

undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

§636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules

Governing Section 2254 Cases in the United States District Courts.[1] For the following

reasons, it is recommended that the Petition be summarily denied without prejudice.

In a previous 42 U.S.C. § 1983 action filed by Plaintiff in this Court[2], Billy Joe

---

[1]Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts. Boutwell v. Keating, 399 F.3d 1203, 1207 n. 2 (10th Cir. 2005).

[2]The undersigned takes judicial notice of the Court's own records. See State Farm Mut. Auto. Ins. Co. v. Boellstorff, 540 F.3d 1223, 1226 n. 7 (10th Cir. 2008)(recognizing courts may take judicial notice of documents from the public record); St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979)("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Winrow v. A.W. Middleton, Warden, et al., CIV-10-1115-D, Plaintiff alleged in a Second

Amended Complaint that Defendants had denied Plaintiff his due process right to personal

property being $2,200.00 in money orders mailed to Plaintiff at Cimarron Correctional

Facility ("CCF") which was being held in a suspense account by CCF prison officials

pending verification of the sender. The matter was referred to former Magistrate Judge

Robert Bacharach, and a settlement conference was held on December 10, 2012. Judge

Bacharach entered an Order following the conference stating that the case had settled. On

January 9, 2013, a Stipulation of Dismissal was entered by the parties dismissing the action

without prejudice to refiling. On January 30, 2013, Plaintiff filed a motion seeking to

enforce the settlement. In this motion, Plaintiff stated that the settlement he previously

negotiated with Defendants provided that all of his offender co-pays totaling $600.44 would

be paid from his prison account before December 25, 2012, and that $1,000.00 would be

transferred to his inmate trust account out of the $2,200.00 Plaintiff had received from an

outside source. Plaintiff asserted that Defendants had not carried out their part of the

settlement agreement because the funds that were to be deposited in his prison trust account

had not been received. Plaintiff requested $500.00 per day as sanctions for Defendants'

noncompliance with the settlement agreement. Defendants responded to the motion, and in

an Order entered February 15, 2013, United States District Judge Timothy DeGiusti denying

the motion as moot. The findings made therein include the following pertinent facts:

> The record before the Court reflects that Defendants' counsel
> received the settlement agreement and stipulation of dismissal
> executed by Plaintiff on January 2, 2013. Defendants' counsel

met with prison officials on that date to finalize the arrangements required to transfer the settlement proceeds to Plaintiff's account. According to Defendants' counsel, he received the funds on January 14, 2013, and forwarded them to the Oklahoma Department of Corrections on that same day. The record reflects the payment was made to Plaintiff's trust account on February 7, 2013.

The Court finds that the actions required by the settlement agreement have been taken, and Plaintiffs' request for specific performance of those actions is now moot. The Court further finds that there is no basis for imposing sanctions upon Defendants, as the delay in complying with the settlement agreement requirements was not intentional or motivated by any bad faith on the part of Defendants. The record suggests that Defendants' counsel acted in a timely manner in an effort to complete all requirements of the settlement agreement as soon as possible. Plaintiff's motion was filed on January 31, 2013, after Defendants' counsel forwarded the settlement amount to the Department of Corrections. In the interim, the funds were transferred to Plaintiff's account, and his request for relief [is] now moot. Accordingly, Plaintiff's motion [Doc. No. 73] is denied as moot.

Billy Joe Winrow v. A.W. Middleton, et al., Case No. CIV-10-1115-D (W.D.Okla. Feb. 15, 2013)(Order, DeGiusti, D.J.).

Now, Mr. Winrow has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner Winrow has named only Oklahoma Department of Corrections ("ODOC") Director Justin Jones as the Respondent. In his Petition filed May 24, 2013, Petitioner Winrow states that as part of the settlement agreement entered in December 2012 in his previous action, Billy Joe Winrow v. A.W. Middleton, et al., Case No. CIV-10-1115-D, he was "granted One thousand dollars, $1,000.00, and the return of his Property that was in O.D.O.C. suspense account, totaling $2,200.00 and for all legal co-pay to be payed [sic]

3

off Petitioner's account." Petition, at 2. Petitioner asserts that on or about March 4, 2013, he submitted a grievance to the Warden's office at CCF requesting "that his property totaling $2,200.00 be mailed to his account, and that all co-pay be removed from my account as ordered." Id. at 3.

He asserts that in a grievance response the Warden "grant[ed] Petitioner his relief in the property request," but that he has not received the relief he was granted. Id. He requests that the court "grant[ ] me relief as ordered within the Grievance appeal." Id. The actual grievance response, a copy of which is attached to the Petition, advises Petitioner that DOC had mistakenly removed $36.46 from Petitioner's prison account for payment to CCF and that the error had been corrected and CCF had "issued a check in the amount of $36.46 to be placed on your account. This check was mailed on 3/12/13. Relief Granted." Petition (Doc. # 1), att. 1, at 7.

The remedy provided by 28 U.S.C. § 2241 is limited to challenges to the execution of a sentence. As the Tenth Circuit recognized in McIntosh v. United States Parole Comm'n, 115 F.3d 809 (10th Cir. 1997), "[h]abeas corpus review is available under § 2241 if one is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Id. at 811 (quoting 28 U.S.C. § 2241(c)(3)). "The fundamental purpose of a § 2241 habeas proceeding is . . . 'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" Id. See Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005)(recognizing that "a challenge to the execution of a sentence should be brought under 28 U.S.C. § 2241").

On the other hand, "a [42 U.S.C.] § 1983 action is the proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Cf. Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(noting Supreme Court "has distinguished between habeas actions and those challenging conditions of confinement under 42 U.S.C. § 1983" and that "federal claims challenging the conditions of confinement generally do not arise under § 2241"), cert. denied, 531 U.S. 1083 (2001).

Plaintiff's claim is that funds are being withheld by prison officials that he is owed under the settlement agreement he entered into with CCF officials in his previous § 1983 action. The claim and relief he seeks, which is the return of the settlement amount to his prison account, do not present a challenge to the execution of his sentence. Rather, the claim and relief he seeks challenge the conditions of his confinement, and therefore the action must be brought under 42 U.S.C. § 1983.

Moreover, Petitioner previously moved to enforce the settlement agreement which he entered into in the previous action. The motion was denied as moot based on the Court's finding that all of the funds that were the subject of the settlement agreement had been deposited to Petitioner's prison account and all other actions required by the settlement agreement had been taken. If Petitioner still does not believe his prison account has been credited with the correct amount, his remedy is to seek enforcement of the settlement agreement or to file a motion to reconsider or motion for relief from the judgment under Fed.R.Civ.P. 60(b). See United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir.

1993)(settlement agreements may be enforced by district courts).

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED without prejudice. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by _____June 17th_____ , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___28th___ day of ___May___ , 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE